UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GARY JAMES MORRIS | : | DOCKET NO 2:13-cv- 3219 |
| VS. | : | JUDGE MINALDI |
| CHRISTOPHER G. MORRIS, ET AL. | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

On December 10, 2013, Gary James Morris filed a complaint in proper person. In his complaint plaintiff alleges this court enjoys jurisdiction based on "defendant's decisions prior to, during and subsequent to filing civil action no. 2:13-cv-2920 Document 1 on 10-23-2013." Doc. 1, p. 1. For the following reasons, the court recommends that this case be DISMISSED for lack of subject-matter jurisdiction.

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Original jurisdiction over subject matter is mandatory for the maintenance of an action in federal court. *Avitts v. Amoco Production Co.,* 53 F.3d 690, 693 (5th Cir. 1995). Subject matter jurisdiction may not be waived and the district court shall dismiss the action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter. It is the duty of the district court, at any level of the proceeding, to dismiss plaintiff's action *sua sponte* for failure of federal jurisdiction even if the litigants do not raise the issue in responsive pleadings or in a motion to dismiss. 2 *Moore's Federal Practice,* § 12.30 (Matthew Bender 3d ed.), *Howard v. Lemmons,* 547 F.2d 290, n. 1 (5th Cir. 1977).

Plaintiff's complaint fails to provide any basis for federal subject-matter jurisdiction.

Although the cover sheet alleges jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction, this is clearly not the case. Here plaintiff has filed suit against two attorneys that are defending a civil rights lawsuit that plaintiff filed against his former employer.[1] It appears that the present lawsuit stems from the fact that the defense attorneys have not reached a settlement with plaintiff in the civil rights proceeding. This lawsuit does not invoke jurisdiction under 28 U.S.C. § 1331 and this court has no authority to render judgment in this matter.

For these reasons,

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED** for lack of subject-matter jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 16th day of December, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Morris v. Precision Document Solutions, Inc.,* No. 13-cv-2920, U.S.D.C.,W.D. La. 2013.